UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-354 (NEB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Christian Vadan Akouala, | |
| Defendant. | |

---

This matter is before the Court on the Government's Motion for Pretrial Psychiatric or Psychological Evaluation ("Motion") (ECF No. 7). The Motion sets forth specific grounds for concern that Mr. Akouala is not able to sufficiently understand the proceedings or assist in his defense. (*Id.* at 2-3.) The Government therefore asks the Court to order Mr. Akouala to undergo a psychiatric evaluation under 18 U.S.C. §§ 4241 (a),(b), and 4247(b) to determine whether he is mentally competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense. (*Id.* at 3.) The Government further requests that the Court conduct a hearing on Mr. Akouala's competency after the evaluation. (*Id.*) Mr. Akouala does not oppose the Motion but asks that any evaluation be strictly limited to assessing his competency to stand trial rather than his sanity at the time of the alleged offense. (ECF No. 16.)

Section 4241 provides, "At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, … the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). "The Court shall grant the motion …. if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him

1

mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense." *Id.* "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court …." *Id.* § 4241(b). 18 U.S.C. § 4247 further provides that the Court "may commit the person to be examined for a reasonable period, but not to exceed thirty days" to the custody of the Attorney General for purposes of undergoing an examination pursuant to section 4241. 18 U.S.C. § 4247(b).

Based on the record before it, the Court cannot yet conclude that "there is reasonable cause to believe that [Mr. Akouala] may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense." *See* 18 U.S.C. § 4241(a). The Court therefore grants the Motion insofar as the Court commits Mr. Akouala to the custody of the Attorney General to undergo a psychiatric or psychological examination. The evaluation shall be strictly limited to Mr. Akouala's competency to stand trial under 18 U.S.C. § 4241. The Attorney General shall file under seal an examination report pursuant to 18 U.S.C. §§ 4241(a) and (b), and 4247(b) and (c). Upon receipt and review of the report, the Court will determine whether to schedule a hearing pursuant to 18 U.S.C. §§ 4241(c).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.	The Government's Motion for Pretrial Psychiatric or Psychological Evaluation (ECF No. [7]) is **GRANTED IN PART**.

2. The Court commits Mr. Akouala to the custody of the Attorney General for a period of thirty days to undergo a psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b) and 4247(b).

3. The Attorney General must conduct the examination in a suitable facility as close as practicable to the Court.

4. The Attorney General must file under seal the psychiatric or psychological report, pursuant to 18 U.S.C. § 4247(b), within thirty days of the date of this Order.

5. The report shall conform with the provisions set forth in 18 U.S.C. § 4247(c), and include: Mr. Akouala's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis and prognosis. *See* 18 U.S.C. § 4247(c). The Court further directs that the evaluation include the examiner's opinions as to whether Mr. Akouala is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See id.*

6. Upon receipt and review of the examination report, the Court may, if needed, schedule a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d).

7. The time period between November 8, 2023 and the determination of Mr. Akouala's mental competency shall be excluded from Speedy Trial Act computations in this case.

8. The deadlines set forth in the Court's pretrial scheduling order (ECF No. 8) are STAYED pending a determination of Mr. Akouala's competence to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Dated: December 21, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge